**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>FOCUS CAMERA, LLC, a New York limited liability company, and ANTHONY BERKOWITZ, an individual,<br><br>                      Defendants. | Civil Action No. 1:21-cv-22196-RKA<br><br>Honorable Judge Roy K. Altman |

**DEFENDANTS' FOCUS CAMERA, LLC, AND ANTHONY BERKOWITZ'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND
ALTERNATIVELY MOTION FOR A MORE DEFINITE STATEMENT
<u>PURSUANT TO FED. R. CIV. P. 12(e)</u>**

**I.    INTRODUCTION**

Plaintiff Luxottica Group, S.p.A. brought this action against Defendant Focus Camera, LLC, and Anthony Berkowitz, alleging trademark counterfeiting under 15 U.S.C. § 1114. Plaintiff fails to recite sufficient facts that, even if true, could enable a jury to determine that the products Defendants sold are counterfeit. Instead, the complaint is merely a recitation of legal conclusions. Plaintiff's complaint is silent on *how* Defendants' product allegedly infringes Plaintiff's trademarks, and thus falls short of the "sufficient factual matter" requirements set forth by Fed. R. Civ. P. 12(b)(6), and of the pleading requirements provided by Fed. R. Civ. P. 8(a) under both *Twombly* and *Iqbal*. Accordingly, Defendants respectfully request the court grant their Motion to Dismiss or in the alternative order Plaintiff to provide a More Definite Statement. On July 21, 2021 the undersigned counsel for Defendants spoke with Plaintiff's counsel by telephone and asked whether Plaintiff would voluntarily amend its complaint to address the deficiencies

identified in this Motion. Plaintiff's counsel declined to do so. Therefore, the parties have met and conferred as required by Local Rule 7.1(a)(3).

## II. STANDARD OF REVIEW

A complaint must contain a short and plain statement of the facts that show the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Kyle v. Chapman*, 208 F.3d 940, 944 (11th Cir.2000). A pleading should give opposing parties fair notice of the nature of the claims and the basis or grounds for it. *Dennis v. City of N. Miami*, No. 07-22126-CIV, 2008 WL 783737, at *3 (S.D. Fla. Mar. 21, 2008).

To survive a motion to dismiss under Federal Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly,* 550 U.S. 544, 547 (2007)). For a claim to be plausible, it must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (internal quotation marks omitted). Furthermore, although the Court must accept the material facts of the complaint to be true and draw all reasonable inferences in the non-movant's favor, this tenet is inapplicable to legal conclusions, and a formulaic recitation of the elements of a cause of action do not suffice. *Id*. at 677.

This Circuit has adopted *Iqbal*'s suggested 'two-pronged approach' to evaluating a Motion to Dismiss: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605

2

F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Legal conclusions without adequate factual support are entitled to no assumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Additionally, or in the alternative, a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response, even with a simple denial, in good faith, without prejudice to itself. Fed. R. Civ. P. 12; *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012). The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail. *Aventura Cable Corp. v. Rifkin/Narragansett South Florida CATV Ltd. Partnership*, 941 F.Supp. 1189 (S.D. Fla. 1996). It must be made before filing a responsive pleading and must point out the defects complained of and the details desired. Fed. R. Civ. P. 12.

### III.   COMPLAINT ALLEGATIONS

Plaintiff Luxottica Group, S.p.A. has filed a Complaint alleging trademark counterfeiting against Defendants Focus Camera, LLC, and Anthony Berkowitz. Docket No. 1 at ¶1. Plaintiff avers that it is an Italian corporation whose proprietary brands include Ray-Ban. *Id.* at ¶7. Plaintiff further avers that it is the owner of several United States Federal Trademark Registrations ("the Ray-Ban Trademarks"). *Id.* at ¶12.

On its face, the Complaint does not adequately describe the actual infringement by Defendants. Rather, the Complaint avers that Plaintiff's un-identified "investigator" made a series of transactions of sunglasses that allegedly bore counterfeits of the Ray-Ban Trademarks, but does not actually describe how these products are counterfeit instead of being authentic products with valid trademarks. *Id.* at ¶18. Plaintiff then alleges that it somehow inspects products purchased

from Defendants and determined them to be counterfeit, but again provides no facts as to how those products are distinguished from other authentic products. *Id.* at ¶36. Plaintiff provides no descriptions regarding discrepancies or similarities between Defendants' products and other Ray-Ban products in terms of appearance, packaging, quality, materials used or any other features that could provide Defendants an opportunity to admit or deny the allegations of trademark counterfeiting.

Finally, Plaintiff concludes its Factual Allegations section with a series of legal conclusions. Plaintiff asserts that Defendants' acts "are intended to cause, have caused, and are likely to continue to cause" confusion or deception among customers, but does so under the continued assumption that Defendants' products are somehow counterfeit. *Id.* at ¶38-39. Plaintiff also alleges that "Defendants' knowing and deliberate hijacking" of the Ray-Ban Trademarks has caused harm to Plaintiff's reputation, but does not provide any factual support for these allegations of "knowing and deliberate hijacking." *Id.* at ¶42. Additionally, Plaintiff alleges that the merchandise in question is "inferior in quality" to authentic products, but this again amounts to legal conclusions with no factual support as to how Defendants' products could be viewed as inferior in any way. *Id.* For example, the Court will search in vain for any allegation that Defendants product exhibits "composition A" while "official" Luxottica's model product exhibits "composition B." No such comparison is present in the Complaint.

Instead, Plaintiff merely concludes that Defendants products "are counterfeit." Plaintiff provides no facts regarding what makes Defendants' products counterfeit, how Plaintiff determined that Defendants' products were counterfeit, or how Defendants' acts were "knowing and deliberate." As discussed herein, Plaintiff has failed to assert an actionable claim for trademark counterfeiting.

## IV.     ARGUMENTS AND AUTHORITY

### A. Plaintiff's Complaint does not satisfy the requirements for a claim to relief that is plausible on its face.

Plaintiff's Complaint contains no actual allegations regarding how Defendant's product is counterfeit. Ultimately, the Complaint amounts to a series of legal conclusions that attempt to establish the *possibility* of the products in question being counterfeit, thereby failing to satisfy the pleading standards set by *Iqbal*. 556 U.S. at 678.

After averring its ownership of the Ray-Ban Trademarks, Dkt. 1 at ¶12, Plaintiff merely describes a series of purchases that are alleged to bear counterfeits of the Ray-Ban Trademarks. *Id.* at ¶18-35. At no point during this series of transactions does Plaintiff describe how any of these sunglasses are indeed counterfeit. Plaintiff does not give any descriptions of the products, nor does Plaintiff draw any comparisons to any trademarks or products Plaintiff owns. Instead, Plaintiff simply asserts the legal conclusion that these purchased products "[bear] counterfeits of one or more of the Ray-Ban Trademarks," but does not explain how these symbols are counterfeits. *Id.* Consequently, the first half of Plaintiff's Complaint "pleads facts that are merely consistent with a defendant's liability," and therefore "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678.

Plaintiff's Complaint follows that with further allegations constituting legal conclusions. Plaintiff asserts that it "subsequently inspected" the purchased items and determined that they "were in fact counterfeit products." Dkt. 1 at ¶36. But Plaintiff does not provide any explanation of what the "inspection" entailed or what resulting evidence was that could support the conclusory pronouncement that the products were, in Plaintiff's view, counterfeit.  Rather, Plaintiff proceeds by asserting more legal conclusions, including that Defendants allegedly used the Ray-Ban Trademarks for the sale of counterfeit products, *Id.* at ¶37; Defendants' had an intent to deceive

consumers, *Id.* at ¶38; and Defendant Berkowitz's un-identified "material contribution to trademark infringement". *Id.* at ¶41. None of that provides adequate factual support to satisfy the *Iqbal* standard. Plaintiff's allegations amount to merely "labels and conclusions," and contain barely enough information to be consistent with potential liability—a mark well short of the *Iqbal* threshold. *Iqbal,* 556 U.S. at 678.

Next, Plaintiff avers that Defendants used the Ray-Ban Trademarks with the "advertising, distribution, offering for sale and sale" of allegedly-counterfeit products (Dkt. 1 at ¶37) but provides no examples of any advertising, marketing, or otherwise publicly-available materials, which again does not clear the threshold of prima-facie plausibility for a satisfactory complaint. *See Bell Atlantic v. Twombly,* 550 U.S. at 547. Plaintiff's next allegations, that Defendants' acts intended to cause, have caused, and are likely to continue to deceive consumers, is similarly inadequate. Dkt. 1 at ¶38, 39. Here, Plaintiff mentions "the foregoing acts of Defendants," but it is unclear what acts it refers to beyond a vague mention of Defendants somehow using the Ray-Ban Trademarks for the advertising and sale of the products in question. *Id.* Without specifying what improper acts, if any, Defendants took to deceive the public or cause confusion, Plaintiff's allegation amounts to an unspecific, unanswerable claim.

In adopting the 'two-pronged approach' to evaluating this Motion to Dismiss, eliminating "any allegations in the complaint that are merely legal conclusions" results in a bare-bones complaint that fails to establish how Defendants' product is counterfeit. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Furthermore, because Plaintiff's allegations of trademark counterfeiting lack adequate factual support, their legal conclusions are entitled to no assumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). Plaintiff's Complaint thus falls well short of the plausibility standards by failing to contain adequate factual

matter to establish prima-facie plausibility. *See Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 547. Consequently, this Court should dismiss the motion for failing to adequately state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

### B. Alternatively, Plaintiff should submit a more definite statement which provides factual allegations that show that Plaintiff is entitled to relief.

This Court should require Plaintiff to submit a more definite statement that allows Defendants to properly admit or deny Plaintiff's allegations. *See* Fed. R. Civ. P. 12(e). Currently, Plaintiff's Complaint is too vague and ambiguous for Defendants to reasonably prepare a good-faith response. Fed. R. Civ. P. 12; *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012). As an unintelligible pleading with little in the way of factual substance, Plaintiff's Complaint falls within Rule 12(e)'s intended scope. *See Aventura Cable Corp. v. Rifkin/Narragansett South Florida CATV Ltd. Partnership*, 941 F.Supp. 1189.

Plaintiff's Complaint is vague because it provides no facts regarding any discrepancies or similarities between Defendants' and Plaintiff's products, leaving Defendants with no room to admit or deny the allegations regarding the authenticity of the product in question. By omitting facts about appearance, design, materials used, or build quality, Plaintiff's Complaint leaves Defendants unable to admit or deny allegations of counterfeiting. Defendants request a more definitive statement with tangible facts that purportedly show a basis for the products in question being labeled as 'counterfeit.' *See* Fed. R. Civ. P. 12.

Furthermore, Defendants are unable to admit or deny Plaintiff's allegations that it had inspected the products in question and determined that they were counterfeit, (Dkt. 1 at ¶36) because no substance is provided showing the specific items that were inspected, the inspection process, or any other elements to suggest that the products were counterfeit. Defendants are not seeking "evidence" of purported counterfeiting at the pleadings stage. Instead, Defendants are

7

seeking disclosure of "facts" which, if taken as true, entitles Plaintiff to the relief sought, which would allow Defendants to respond appropriately. *See* Fed. R. Civ. P. 12; *Euro RSCG Direct Response, LLC*, 872 F. Supp. 2d at 1358 (S.D. Fla. 2012).

Similarly, Plaintiff's Complaint is vague and ambiguous in its allegations of Defendants' acts which purportedly caused confusion or deceived customers regarding the authenticity of Defendants' products, any connection between Defendants and their products, and Plaintiff. Dkt. 1 at ¶37-39. Here, Plaintiff makes passing mention of the "foregoing acts" of the Defendants, and "Defendants' activities, as described above," but does not provide any specific "act" anywhere in the Complaint that is not a legal conclusion that could be referenced. *Id.* The only possible example could be the allegation that Defendants used the Ray-Ban Trademarks for the advertising and sale of the products in question, *Id.* at ¶37, but this in itself is a vague statement that does not provide specific acts or examples of how Defendants used the Ray-Ban Trademarks or deceived the public. As such, Defendants cannot admit or deny these allegations, and request a more definite statement that includes specific examples of each Defendants' purported improper use of the Ray-Ban Trademarks.

Currently, Defendants are unable to adequately admit or deny the allegations beyond pointing out the legal conclusions within the Complaint, and have little room to answer, even with a denial, without prejudice to themselves. *See Euro RSCG Direct Response, LLC*, 872 F. Supp. 2d at 1358. Accordingly, a motion for a more definite statement is appropriate. *See* Fed. R. Civ. P. 12; *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012).

## V.     CONCLUSION

Plaintiff's complaint fails to satisfy the plausibility requirements of Rule 8(a). Defendants respectfully request the Court dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6).  In the alternative, this Court should order Plaintiff to submit a more definite statement that satisfies pleading requirements under Rule 12(e).

Dated this 6th day of August, 2021.

Respectfully submitted,

By: /s/ John P. Murray

John P. Murray
The Murray Law Firm, P.A.
2655 Lejeune Road Ste 700
Coral Gables, FL 33134
Tel: (305) 779-4818
Fax: (305) 779-4819
Email: john@johnpmurray.com

Christopher W. Niro (*Pro Hac Vice*)
cniro@agdglaw.com
Matthew De Preter (*Pro Hac Vice*)
cdepreter@agdglaw.com
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611.
Tel. 312-828-9600

***Attorneys for FOCUS CAMERA, LLC, and ANTHONY BERKOWITZ.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2021, I filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via US Mail, an authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**The Murray Law Firm, P.A.**

s/John P. Murray

**SERVICE LIST**

David B. Rosemberg, P.A. (0582239)
david@rosemberglaw.com
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, Florida 33180
Telephone: 305.602.2008
Facsimile:  305.602.0225
*Counsel for Plaintiff*

*Served via CM/ECF*