UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian corporation,<br><br>                      Plaintiff,<br><br>      v.<br><br>FOCUS CAMERA, LLC, a New York limited liability company, and ANTHONY BERKOWITZ, an individual,<br><br>                      Defendants. | Civil Action No. 1:21-cv-22196-RKA<br><br>Honorable Judge Roy K. Altman |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Anthony Berkowitz ("Berkowitz") and Focus Camera, LLC ("Focus Camera" and collectively with Berkowitz, the "Defendants"), through their undersigned counsel, state and allege by reference to the paragraph numbers of Plaintiff's Amended Complaint as follows:

1. Defendants admit that the Amended Complaint purports to state an action for trademark counterfeiting but deny any liability and deny that Plaintiff is entitled to any relief. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit that venue is proper in this Court and that the Court may exercise personal jurisdiction over Defendants. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore denies them.

5. Defendants admit that Focus Camera is a New York limited liability company with its principal place of business in Brooklyn, New York. Defendants admit that Focus Camera is registered to do business and does business in the State of Florida. Defendants admit that Focus

Camera maintains a website that features information regarding Focus Camera's business capabilities. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants admit that Berkowitz resides in New York and that he is the President of Focus Camera. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants admit that Luxottica Group manufactures, markets, and sells eyewear. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7 and therefore denies them.

8. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies them.

9. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies them.

10. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies them.

11. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies them.

12. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies them.

13. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 13 and therefore denies them. The remaining statements constitute conclusions of law, and as such do not require a response. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 13 and therefore deny them.

14. The statements in Paragraph 14, constitute conclusions of law, and as such do not require a response. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and therefore deny them.

15. The statements in Paragraph 15, constitute conclusions of law, and as such do not require a response. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and therefore deny them.

16. The statements in Paragraph 16, constitute conclusions of law, and as such do not require a response. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and therefore deny them.

17. The statements in Paragraph 17, constitute conclusions of law, and as such do not require a response. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and therefore deny them.

18. Defendants admit that www.asavings.com redirects to lifestyle.focuscamera.com. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 and therefore deny them.

19. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore deny them.

20. Defendants admit that Focus Camera maintains the website lifestyle.focuscamera.com. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20 and therefore deny them.

21. Defendants admit that Focus Camera maintains the website lifestyle.focuscamera.com. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21 and therefore deny them.

22. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore deny them.

23. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny them.

24. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny them.

25. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore deny them.

26. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore deny them.

27. Defendants admit that Focus Camera maintains a storefront "lifestylebyfocus" on eBay.com. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 and therefore deny them.

28. Defendants admit that Focus Camera maintains a storefront "lifestylebyfocus" on eBay.com. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and therefore deny them.

29. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 29 and therefore deny them.

30. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore deny them.

31. Defendants admit that Focus Camera maintains a storefront "lifestylebyfocus" on eBay.com. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 and therefore deny them.

32. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore deny them.

33. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny them.

34. Defendants admit that Focus Camera maintains a storefront "lifestylebyfocus" on eBay.com. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 and therefore deny them.

35. Defendants admit that Focus Camera maintains a storefront "lifestylebyfocus" on eBay.com. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35 and therefore deny them.

36. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore deny them.

37. Defendants admit that Focus Camera maintains the website lifestyle.focuscamera.com. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37 and therefore deny them.

38. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 38 and therefore deny them.

39. The statements in Paragraph 39 constitute conclusions of law and as such do not require a response. To the extent that a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 39.

40. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore deny them. Defendants affirmatively

state that the doctrine of first sale grants to Focus Camera the right to offer for sale and to sell products containing Luxottica Group's Ray-Ban Trademarks purchased from vendors other than Luxottica Group.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 43 and therefore deny them.

44. Defendants deny the allegations in Paragraph 42.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants admits that the Amended Complaint seeks injunctive relief but denies that Plaintiff is entitled to such relief.   Defendants deny the remaining allegations in Paragraph 48.

49. Defendants admits that the Amended Complaint seeks damages but denies that Plaintiff is entitled to such relief.   Defendants deny the remaining allegations in Paragraph 48.

50. Defendants restate their answers to Paragraphs 1-49 above.

51. Defendants admit that the Amended Complaint purports to bring a trademark infringement action. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrine of laches because Plaintiff was aware of the alleged infringement as early as February 2019 but unreasonably delayed in bringing suit.

3. Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence and/or unclean hands because Plaintiff was aware of the alleged infringement as early as February 2019 but failed to object.

4. Plaintiff's Amended Complaint is barred, in whole or in part, as the acts of Defendants' alleged therein constitute fair use, nominative fair use, and/or descriptive fair use. Plaintiff's trademarks are the only name, term or symbol reasonably available to TRR to describe Plaintiffs goods, Defendants did not attempt to capitalize on consumer confusion or to appropriate the prestige of Plaintiff's trademarks, and Defendants do not misidentify the source of products offered through Focus Camera's website or any of its other sale mediums.

5. Plaintiff's Amended Complaint is barred, in whole or in part, by the first sale doctrine. Upon information and belief, Plaintiff authorized the sale of products bearing their trademarks to consumers who then sold Plaintiff's products to Focus Camera.

6. Plaintiff's Amended Complaint is barred, in whole or in part, because any alleged infringement by Defendants was innocent and Defendants at all times acted in good faith. To the

extent the products identified in the complaint are not genuine products, Defendants were unaware that such products were not genuine.

7. Plaintiff's Amended Complaint is barred, in whole or in part, because of failure to mitigate damages if such damages exist. Plaintiff was aware of the alleged infringement at least as early as February 2019 but failed to notify Defendants regarding the alleged sale of counterfeit products.

8. Plaintiff's Amended Complaint is barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendants.

9. Plaintiff is not entitled to injunctive relief because, at a minimum, it has suffered no irreparable injury, and it has an adequate remedy at law.

10. Plaintiff has not suffered any damages by any alleged conduct of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, Focus Camera, LLC and Anthony Berkowitz, respectfully request that Plaintiff Luxottica Group, S.p.A.'s Amended Complaint be dismissed and that Plaintiff has and recovers nothing by reason thereof.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants respectfully request trial by jury on any and all issues on which a trial by jury is available under applicable law.

Dated this 1st day of February, 2022.

Respectfully submitted,

By: */s/ Peter Valori*

Christopher W. Niro (*Pro Hac Vice*)
cniro@agdglaw.com
Matthew De Preter (*Pro Hac Vice*)
cdepreter@agdglaw.com
Genc Arifi (*Pro Hac Vice*)
garifi@agdglaw.com
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611
Tel. 312-828-9600

Peter Valori
pvalori@dvllp.com
Damian & Valori, LLP
1000 Brickell Ave. Suite 1020
Miami, FL 33131
Tel. 305-371-3960

***Attorneys for FOCUS CAMERA, LLC, and ANTHONY BERKOWITZ***

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of foregoing was served upon all counsel of record electronically through CM/ECF on February 1, 2022.

>                  */s/ Peter F. Valori*
>                   Peter F. Valori, Esq.

4856-9151-6939, v. 1